# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

MICHAEL A. PAPINEAU                                                  PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:17-CV-P166-JHM

SGT. CONWAY *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by an inmate pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Michael A. Papineau leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss certain claims, but give Plaintiff an opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff was previously incarcerated in the Webster County Jail (WCJ). He brings this action against the WCJ and the following WCJ officials in both their official and individual capacities – Jailer Terry Elders, Sergeant Conway, and "C.O. Ames."

In the complaint, Plaintiff states as follows:

I was arrested 1/18/17. DUI. I awoke at Deaconess Hospital on 1/20/18.[1] Went home, arrested for P.V. I am missing three to seven days. At first, I was told I fell. I didn't see how with injuries I had. I had two separate head injuries. One a little higher than the other. One was just a bruise about the thickness of my finger about four inches long, the second swelled the whole side of my head and took eight staples to close the wound. I have since found out that a guard caused these injuries. When the guard came to the holding cell he thought I was dead the way my head and neck was twisted and all the blood in the floor. I had a feeling what took place. I was handled badly by a guard. I want someone to investigate. I still have headaches it took two and a half months for my head to stop leaking. It was shift change. All the guards were here and two inmates witnessed it too. The nurse even told me while the doctor was removing the staples that she attempted to stop the bleeding that there was nothing in the cell that I could have fell in to do

---
[1] The Court presumes Plaintiff intended to write January 20, 2017.

the damage that I received. I have been told by a witness that the guard, grabbed me with one hand and swept my feet out from under me and drove my head into the toilet. That's after he forced my head into wall in booking. They said you could hear the toilet ring through out the jail.

In a separate portion of the complaint, Plaintiff states that he was "viciously attacked by C.O.'s while intoxicated." In another section he states: "During Booking, I was assaulted by the C.O.'s sent to [illegible]. Recovered 8 staples, then transported to [illegible] . . . Hospital before I came to."

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). )). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims & Defendant WCJ

Plaintiff sues the individuals named as Defendants in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 n.55 (1978)). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Therefore, the Court construes Plaintiff's official-capacity claims against the individual Defendants as brought against their employer, Webster County.

Moreover, Defendant WCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, Webster County is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Further, Webster County is a "person" for purposes of § 1983. *See Monell,* 436 U.S. at 690 n.55 (1978). The Court therefore will construe the claim against Defendant WCJ as a claim against Webster County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

4

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was attacked by a correctional officer, or officers, at the WCJ.  He does not allege that the attack occurred as a result of a policy or custom implemented or endorsed by Webster County.  Indeed, the complaint alleges an isolated occurrence affecting only Plaintiff.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Accordingly, Plaintiff's claim against Defendant WCJ and his official-capacity claims against the other Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Jailer Elders

Plaintiff does not make any specific allegations against Defendant Elders. Thus, the Court presumes that Plaintiff seeks to hold Defendant Elders liable based on his supervisory position as the WCJ Jailer. However, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Indeed, "[i]n order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Because Plaintiff's complaint contains no allegations against Defendant Elders, the Court will dismiss Plaintiff's individual-capacity claim against him for failure to state a claim upon which relief may be granted.

#### 2. Defendants Sgt. Conway and "C.O. Ames"

Plaintiff claims against Defendants Conway and "C.O. Ames" are also subject to dismissal for failure to state a claim upon which relief may be granted because Plaintiff does not

make specific allegations against either Defendant in the complaint. Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

The Court will, however, allow Plaintiff an opportunity to amend his complaint to clarify whether Defendant Conway and/or "C.O. Ames" were the correctional officers allegedly involved in the attack Plaintiff describes in his complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff amends his complaint to indicate that one or both of these Defendants was involved in the alleged attack, the Court will construe his claims against them as constitutional excessive-force claims and state-law assault claims. Because the excessive-force standard is different for pretrial detainees and convicted prisoners, Plaintiff should also indicate in his amended complaint whether he was a pretrial detainee or convicted prisoner when the alleged attack occurred.[2]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against the WCJ, his official-capacity claims against the other Defendants, and his individual-capacity claim against Defendant Jailer Elders are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[2] The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 134 S. Ct. 2466, 2473 (2015)).

The Clerk of Court is **DIRECTED** to terminate the WCJ and Defendant Jailer Elders as parties to this action.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint which describes how either Defendants Sgt. Conway and/or "C.O. Ames" were involved in the alleged attack upon him at the WCJ. If Plaintiff amends his complaint to indicate that either of these Defendants was involved in the alleged attack, Plaintiff should submit a completed summons form for that Defendant within the same 30-day period.[3] Plaintiff should also indicate in his amended complaint whether he was a pretrial detainee or convicted prisoner at the time of the alleged attack.**

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A. **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with two blank summons forms

Date: March 26, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Webster County Attorney
4414.011

---

[3] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.