# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

MICHAEL A. PAPINEAU                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:17-CV-P166-JHM

SGT. CONWAY *et al.*                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by an inmate pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff Michael A. Papineau leave to proceed *in forma pauperis*. This

matter is before the Court for screening of Plaintiff's amended complaint (DN 10) pursuant to 28

U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss certain claims, but allow

others to proceed.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff indicates that he is now a convicted prisoner incarcerated at Breckinridge

County Detention Center. However, Plaintiff was previously incarcerated at the Webster County

Detention Center (WCDC). In his amended complaint, he names two WCDC officials as

Defendants in both their official and individual capacities - Sergeant Brad Conway and Officer

Ames.

Plaintiff states as follows:

On January 18, 2017, I was arrested by Providence Police Chief McDowell. I
was transported to [WCDC]. During booking Officer Conway along with Officer
Ames pushed my head into the concrete wall. That left a large bruise under my
scalp. They then moved me to a holding cell where Officer Conway slammed my
head into a stainless steel toilet, causing multiple head injuries leaving me locked
in the cell, bleeding from my head wound, uncontrollably. I am charging these
correctional officers use excessive force on me while be booked in at Webster
County Jail. There should be security video.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff indicates that he is suing both Defendants Conway and Ames in their official capacities. However, as explained in the Court's screening of Plaintiff's original complaint, these official-capacity claims must be dismissed. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc.*

*Servs.,* 436 U.S. 658, 691 n.55 (1978)).  Suing employees in their official capacities is the equivalent of suing their employer.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  Therefore, Plaintiff's official-capacity claims against Defendants Conway and Ames are actually brought against their employer, Webster County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that he was attacked by Defendants at the WCDC. However, he does not allege that the attack occurred as a result of a policy or custom implemented or endorsed by Webster County.  Indeed, the complaint alleges an isolated

occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). For these reasons, Plaintiff's official-capacity claims against Defendants Conway and Ames will be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Based upon the allegations contained in Plaintiff's amended complaint, the Court will allow constitutional claims of excessive force and state-law claims of assault to proceed against Defendants Conway and Ames in their individual capacities.[1] In allowing these claims to proceed, the Court passes no judgment on the merits of these claims or the ultimate outcome of this action.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Conway and Ames are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the continuing claims.

Date: April 17, 2018

cc: Plaintiff, *pro se*
    Defendants
    Webster County Attorney
4414.011

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

---

[1] In the amended complaint, Plaintiff indicates that he is now a convicted prisoner. However, his allegations suggest that he may have been a pretrial detainee at the time the actions taken against him occurred. As indicated in its screening of Plaintiff's complaint, it will be important for the Court to determine the legal status of Plaintiff at the time of the alleged incident because claims of excessive force must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 134 S. Ct. 2466, 2473 (2015)).