UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MICHAEL A. PAPINEAU                                              PLAINTIFF

v.                                               CIVIL ACTION NO. 4:17-CV-P166-JHM

SGT. CONWAY *et al.*                                           DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 civil rights action. On February 5, 2019, Defendants filed a motion for summary judgment. On March 14, 2019, the Court entered an Order directing Plaintiff to file a response to the motion within 30 days. That Order provided Plaintiff guidance on how to respond to a motion for summary judgment under Fed. R. Civ. P. 56 and warned Plaintiff that his failure to comply with the Order would result in dismissal of the action. Instead of filing a response, Plaintiff filed a motion to "continue proceedings until witnesses can be subpoenaed." On April 17, 2019, the Court denied the motion to continue because the Court had entered an Order on September 4, 2018, directing the Clerk to send Plaintiff blank subpoena forms and advising Plaintiff that the completed forms, along with a motion for the Clerk to issue the subpoenas, had to be returned to the Court within 30 days of entry of the Order. The Court further noted that it had entered a Revised Scheduling Order on the same date which stated that all pretrial discovery was to be completed by December 27, 2018, and that Plaintiff had failed to show good cause to extend discovery as required by the Revised Scheduling Order. Finally, the Court observed that the three subpoenas tendered by Plaintiff were deficient because they did not comply with Fed. R. Civ. P. 45(b)(1) which requires that fees be tendered for the per diem and mileage associated with subpoenaing each witness to a deposition. After denying Plaintiff's

motion to continue, the Court again ordered Plaintiff to file a response to Defendants' pending motion for summary judgment within 30 days and warned Plaintiff that his failure to comply with the Order would result in dismissal of the action.  On May 28, 2019, Plaintiff filed two additional subpoenas.  Plaintiff, however, has still not filed a response to Defendants' pending motion for summary judgment.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.*  "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff has failed to comply with a straightforward Order of this Court by failing to file a response to Defendants' motion for summary judgment, despite being warned that dismissal would occur without compliance, the Court will dismiss this action by separate Order.

Date:   June 12, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.011